UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
GLEN BRUNSKILL,

                    Plaintiff,

-against-

COUNTY OF SUFFOLK and STEVEN JOHN, M.D.,

                    Defendants.
-------------------------------------------------------------X

**ORDER**
11-CV-586 (SJF)(ETB)

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★   JUL 1 1 2012   ★

**LONG ISLAND OFFICE**

FEUERSTEIN, District Judge:

On January 24, 2011, incarcerated pro se plaintiff Glen Brunskill ("plaintiff") commenced this action pursuant to 42 U.S.C. § 1983, alleging that medical staff at the Suffolk County Correctional Center failed to identify and treat his broken ribs, and then "neglected to answer" his "numerous slips to medical staff." Complaint ("Compl.") [Docket Entry No. 1] at IV. Plaintiff alleges that he suffered from "pains in his stomach," difficulty breathing, and "damage to his face and nose" after passing out on the floor. Id.[1]

Before the Court are defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) [Docket Entry No. 27] and several motions filed by plaintiff [Docket Entry Nos. 32, 38]. For the reasons that follow, defendants' motion to dismiss is granted, and plaintiff's motions are denied as moot.

---

[1] Plaintiff originally named "Suffolk County Medical," "John Doe," and "John Jane" as defendants in this action. [Docket Entry No. 1]. After a conference before Magistrate Judge E. Thomas Boyle, the complaint was amended to substitute defendant County of Suffolk for defendant "Suffolk County Medical" and to substitute defendant Steven John, M.D. for defendants "John Doe" and "John Jane." [Docket Entry Nos. 19-20].

1

I. Discussion

   A. Motion to Dismiss Standard

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). "A pleading that offers 'labels and conclusions' or 'a 'formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557).

In deciding a motion pursuant to Rule 12(b)(6), the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. Matson v. Bd. of Educ. of the City Sch. Dist. of N.Y., 631 F.3d 57, 63 (2d Cir. 2011); see also Ruston v. Town Bd. for the Town of Skaneateles, 610 F.3d 55, 59 (2d Cir. 2010) ("When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id. at 679. "While a complaint need not contain detailed factual allegations, it requires more than an unadorned, the

defendant-unlawfully-harmed-me accusation." Matson, 631 F.3d at 63 (internal quotation marks and citation omitted).

B. Analysis

Defendants move to dismiss this action in its entirety, arguing that plaintiff has failed to adequately allege a claim for deliberate indifference to his medical needs. [Docket Entry No. 27-4].

1. Defendant County of Suffolk

"Section 1983 imposes liability on a government that, under color of some official policy, causes an employee to violate another's constitutional rights." Okin v. Village of Cornwall-On-Hudson Police Dept., 577 F.3d 415, 439 (2d Cir. 2009) (quoting Monell v. Dep't. of Soc. Servs., 436 U.S. 658, 692, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978)) (internal quotation marks omitted); see also Gordon v. City of New York, No. 10-CV-5148, 2012 WL 1068023, at *3 (E.D.N.Y. Mar. 29, 2012) ("In order to sustain a claim for relief under 42 U.S.C. § 1983 against a municipal defendant, a plaintiff must show the existence of an officially adopted policy or custom, and a direct causal connection between that policy or custom and the deprivation of a constitutional right."). Monell's "policy or custom" requirement is satisfied "where a local government is faced with a pattern of misconduct and does nothing, compelling the conclusion that the local government has acquiesced in or tacitly authorized its subordinates' unlawful actions." Reynolds v. Giuliani, 506 F.3d 183, 192 (2d Cir. 2007). "Such a pattern, if sufficiently persistent or widespread as to acquire the force of law, may constitute a policy or custom within the meaning

3

of Monell." Id. (citing cases). However, "a single incident alleged in a complaint, especially if it involved only actors below the policy-making level, does not suffice to show a municipal policy." Ricciuti v. New York City Transit Auth., 941 F.2d 119, 123 (2d Cir. 1991).

It is, of course, axiomatic that the Court reads the pro se plaintiff's complaint liberally and interprets it to raise the strongest arguments it suggests. Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010). However, "even a pro se complaint . . . must satisfy the pleading standards set forth in [Twombly and Iqbal]." Parker v. Mack, Fed. Appx. 62, 62 (2d Cir. 2012). Plaintiff has failed to allege the existence of any policy or custom sufficient to subject Suffolk County to Section 1983 liability. At most, plaintiff claims that medical staff at the Suffolk County Correctional Center failed to properly diagnose his condition and that subsequent medical treatment was delayed.[2] The claims arise exclusively from a single incident in which plaintiff alleges that he received inadequate medical care. He does not allege the existence of a municipal policy or custom that is causally connected to the alleged constitutional deprivations, and his submissions do not indicate that he could allege a legally sufficient claim. Accordingly, the motion is granted insofar as it seeks dismissal of the claims against Suffolk County. See Gordon, 2012 WL 1068023, at *4 (dismissing claim when allegations of municipal policy or custom were "unsupported by anything other than the facts of what occurred in [plaintiff's] particular case").

2.  Defendant Steven John, M.D.

Nor has plaintiff adequately alleged a claim against defendant Steven John. "In order to

---

[2] In his opposition brief, plaintiff claims that his "request for medical attention went ignored about 16 times." [Docket Entry No. 28] at 1-2.

establish an Eighth Amendment claim arising out of inadequate medical care, a prisoner must prove 'deliberate indifference to [his] serious medical needs.'" Chance v. Armstrong, 143 F.3d 698, 702 (2d Cir. 1998) (quoting Estelle v. Gamble, 492 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976)).[3] "This standard incorporates both objective and subjective elements. The objective 'medical need' element measures the severity of the alleged deprivation, while the subjective 'deliberate indifference' element ensures that the defendant prison official acted with a sufficiently culpable state of mind." Smith v. Carpenter, 316 F.3d 178, 183-84 (2d Cir. 2003) (citations omitted). "[N]ot every lapse in medical care is a constitutional wrong." Salahuddin v. Goord, 467 F.3d 263, 279 (2d Cir. 2006). "Rather, 'a prison official violates the Eighth Amendment only when [both the objective and subjective] requirements are met.'" Id. (quoting Farmer v. Brennan, 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994)).

Plaintiff's complaints of inadequate medical care appear to be twofold. First, he claims that prison medical staff failed to identify his broken ribs. Compl. at IV. Second, he claims that medical staff "refuse[d] and neglected to answer" his requests for a medical appointment. Id.

    a.    Misdiagnosis

Although plaintiff's condition may have risen to the level of a "serious medical need,"

---

[3] While "[a] convicted prisoner's claim of deliberate indifference to his medical needs . . . is analyzed under the Eighth Amendment," "a person detained prior to conviction receives protection against mistreatment at the hands of prison officials under . . . the Due Process Clause of the Fourteenth Amendment if held in state custody." Caiozzo v. Koreman, 581 F.3d 63, 69 (2d Cir. 2009). Although plaintiff argues that his claim arises under the Eighth Amendment, [Docket Entry No. 28] at 1, it is not clear whether, at the time of the incidents at issue, plaintiff had been convicted of the charges against him. The Court need not resolve this issue, however, because such claims are subject to a similar analysis irrespective of whether they arise under the Eighth or Fourteenth Amendments. See id. at 72.

there is nothing to indicate that Doctor John or anyone else acted "with a sufficiently culpable state of mind" as to constitute "deliberate indifference" to that need. Plaintiff has merely alleged a mistaken diagnosis and an erroneous course of treatment, which, at most, would be medical malpractice. However, "the mere malpractice of medicine in prison does not amount to an Eighth Amendment violation . . . . This principle may cover a delay in treatment based on a bad diagnosis or erroneous calculus of risks and costs, or a mistaken decision not to treat based on an erroneous view that the condition is benign or trivial or hopeless, or that treatment is unreliable, or that the cure is as risky or painful or bad as the malady." Harrison v. Barkley, 219 F.3d 132, 139 (2d Cir. 2000). Plaintiff's argument, raised in his opposition papers, that the defendants failed to send him for an x-ray is merely a "disagreement over a course of diagnosis and treatment which is not actionable under the Eighth Amendment." Rodriguez v. Smith, No. 10-CV-0734, 2011 WL 4479689, at *6 (N.D.N.Y. Aug. 19, 2011). Thus, plaintiff's claim, insofar as it arises from the allegedly mistaken diagnosis, is also dismissed. See Thomas v. Nassau Cnty. Corr. Ctr., 288 F.Supp.2d 333, 339 (E.D.N.Y. 2003) ("The plaintiff's allegations that the doctors initially mis-diagnosed and mistreated his injury do not rise to the level of a constitutional violation.").

      b. Delay in Medical Treatment

Plaintiff also claims that his requests for a medical appointment were "ignored." [Docket Entry No. 28 at 2]. Although it appears that plaintiff was ultimately treated, the Court interprets this claim as one for delay in the provision of medical treatment.

"When the basis of a prisoner's Eighth Amendment claim is a temporary delay or

interruption in the provision of otherwise adequate medical treatment, it is appropriate to focus on the challenged *delay* or *interruption* in treatment rather than the prisoner's *underlying medical condition* alone in analyzing whether the alleged deprivation is, in 'objective terms, sufficiently serious,' to support an Eighth Amendment claim." Smith, 316 F.3d at 185 (quoting Chance, 143 F.3d at 702) (emphasis in original). "[A] delay in treatment does not violate the constitution unless it involves an act or failure to act that evinces 'a conscious disregard of a substantial risk of serious harm.'" Thomas, 288 F.Supp.2d at 339 (quoting Chance, 143 F.3d at 703). This classification has been "reserved . . . for cases in which, for example, officials deliberately delayed care as a form of punishment, ignored a life threatening and fast-degenerating condition for three days, or delayed major surgery for over two years." Id. (quoting Espinal v. Coughlin, 98 Civ. 2579, 2002 WL 10450, at *3 (S.D.N.Y. Jan. 3, 2002)). "A plaintiff is not required to show that a defendant acted or failed to act 'for the very purpose of causing harm or with knowledge that harm will result,' but must show that the official was 'aware of facts' from which one could infer that 'a substantial risk of serious harm' exists, and that the official drew that inference." Bellotto, 248 Fed. Appx. at 236-37 (quoting Farmer v. Brennan, 511 U.S. 825, 835, 837, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994)).

This claim is also dismissed. Most importantly, plaintiff has not alleged that Doctor John or any other official was aware of facts from which one could infer that a substantial risk of serious harm existed or that they drew that inference. Indeed, the allegations in the complaint only suggest that the officials were *not* aware of any substantial risk of serious harm, as the medical staff had concluded that plaintiff's ribs were not broken. In short, plaintiff does not allege that any state actor acted with "deliberate indifference" to his alleged condition. Second,

plaintiff has not alleged facts suggesting that the risk of harm resulting from the delay was sufficiently serious to rise to the level of a constitutional violation. <u>Bellotto</u>, 248 Fed. Appx. at 236.

Even under a liberal reading of the complaint, it is clear that plaintiff cannot state a valid claim. Therefore, he will not be granted leave to amend.


II.     Conclusion

For the foregoing reasons, defendants' motion to dismiss is granted. The Clerk of Court is respectfully directed to close this case.

**IT IS SO ORDERED.**

                                      s/ Sandra J. Feuerstein

                                      Sandra J. Feuerstein
                                      United States District Judge

Dated:       July 11, 2012
               Central Islip, New York